## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ARNULFO QUEZADA-DURAN,

    Petitioner,

    v.

DAN SCHNURR,

    Respondent.

Case No. 17-3034-CM

## MEMORANDUM AND ORDER

Petitioner Arnulfo Quezada-Duran, an inmate at the Hutchinson Correctional Facility in Hutchinson, Kansas, filed a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1). Petitioner was convicted in Saline County District Court of one count of Second Degree Murder, one count of Possession of Cocaine, and one count of Possession of Methamphetamine. He was sentenced to 225 months in prison. He now seeks federal habeas relief on grounds that his trial counsel was ineffective for failing to call an expert witness on the issue of intoxication and for failing to file a motion to suppress, and on grounds that his appellate counsel was ineffective for failing to raise speedy trial issues on direct appeal. For the reasons set forth below, the court denies the petition.

### I. Background

Highly summarizing the facts of the case, on December 31, 2005 petitioner was at a New Year's Eve dance at the 4-H building in Salina, Kansas when he encountered Angel Lerma in the men's bathroom. Lerma had dated petitioner's ex-wife, Irma Lopez, shortly after she and petitioner had gotten divorced. Lerma was married at the time he was dating Lopez. Lerma's wife, Berta, discovered the affair and divorced Lerma. Berta then began dating petitioner. Berta testified that petitioner wanted to

-1-

get back at Lerma and Lopez, and had even pulled out a gun to show Lerma when he encountered him at a rodeo.

Before and during the New Year's Eve dance, petitioner consumed approximately thirty beers and five glasses of tequila. He also admitted to using cocaine several times during the day. During the dance, Lerma and a few friends went into the men's restroom. Petitioner and his friend were already in the restroom. At some point petitioner shot Lerma in the back of the head and attempted to flee the scene. Security guards saw petitioner throw a gun to the ground as he fled. After he was apprehended, the guards discovered bullets in his pants pocket and bags of cocaine and methamphetamine in his jacket.

After he was taken into custody, petitioner told police he was fighting someone bigger than him at the dance and was trying to separate other people who were fighting. He said he pulled his gun out because someone had hit him. The next day, after he sobered up, petitioner was able to recall who he went to the dance with, how much he drank, and what he was wearing, but could not remember being in the restroom, seeing Lerma, or anything that happened during the shooting.

Petitioner was charged with first-degree murder, possession of cocaine, and possession of methamphetamine. At trial, the district court also instructed the jury on the lesser included offense of intentional second-degree murder and voluntary intoxication as an affirmative defense. The jury convicted petitioner of the lesser charge of intentional second-degree murder, possession of cocaine, and possession of methamphetamine.

Petitioner appealed his convictions, arguing the trial court erred in not giving further lesser included offense instructions, not giving an instruction on self-defense, and enhancing his sentence without proof of aggravating facts. In 2009, the Kansas Court of Appeals affirmed petitioner's convictions and sentence, and the Kansas Supreme Court denied review. On November 2, 2010, petitioner filed a motion for post-conviction relief pursuant to K.S.A. § 60-1507 arguing his appellate

counsel was ineffective for failing to raise speedy trial issues on direct appeal and claiming his trial counsel was ineffective for not filing a motion to suppress and for not hiring an expert to testify on the issue of intoxication. The district court appointed counsel to represent petitioner on his motion and held an evidentiary hearing. Petitioner's trial counsel had died and did not testify at the hearing. Petitioner's appellate counsel, an attorney with the appellate defender's office, testified that he does not raise every potential issue on appeal because there are page limits on the briefs, and therefore he wants to focus on the strongest issues. He testified that he and the chief attorney in the office use their best judgment about what issues to raise, and that the chief attorney edited his appellate briefs before they were filed. Although he did not specifically remember what issues he raised in petitioner's appellate brief, he testified he thought he raised the strongest issues and his brief was the best strategy at the time.

Petitioner called a criminal defense attorney as an expert who testified that although she had not been involved in the trial or the appeal, it was her opinion that petitioner would have benefitted from a motion to suppress and that it would have been helpful if the trial attorney had hired an expert on the effects of drugs and alcohol and drug use on petitioner's mental abilities. She also testified that in her opinion, petitioner had not waived his right to a speedy trial. The State then called the lead prosecutor who tried petitioner's case. She testified that in her opinion, jurors can understand intoxication and its effect on people without the assistance of an expert witness and the jurors were made well aware that the petitioner had been intoxicated, as the trial counsel had raised the voluntary intoxication defense throughout the trial.

The district court denied petitioner's motion, and he timely filed a notice of appeal. On November 13, 2015, the Kansas Court of Appeals affirmed the denial of petitioner's K.S.A. § 60-1507 motion. The Kansas Court of Appeals found that petitioner's trial counsel's decisions to not hire an expert and to not file a motion to suppress were strategic decisions and petitioner had failed to show that

the outcome of his trial would have been different had his counsel taken either of these actions. The court also affirmed the district court's finding that petitioner was not prejudiced by appellate counsel's failure to raise a speedy trial claim, because the claim would not have been successful on appeal and that appellate counsel had exercised reasonable strategy.

Petitioner filed a petition for review with the Kansas Supreme Court, which was denied. He then filed for federal habeas corpus relief pursuant to 28 U.S.C. § 2254.

**II.     Legal Standards**

Petitions filed under 28 U.S.C. § 2254 are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Hale v. Gibson*, 227 F.3d 1298, 1309 (10th Cir. 2000). Under the AEDPA, a court may only grant a petition if a petitioner can show the state court proceeding (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* (citing 28 U.S.C. § 2254(d)(1)–(2)). The state court's factual findings are presumed correct unless the petitioner can rebut the presumption by clear and convincing evidence. *Id.*

Under 28 U.S.C. § 2254(d)(1), the court will only find a state court decision *contrary* to clearly established law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). Alternatively, the court will find a state court decision is an *unreasonable application* of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* The key inquiry into whether the decision was an unreasonable application of federal law is whether it was "objectively unreasonable."

*Gibson*, 227 F.3d at 1310. This, however, does not necessarily require an "incorrect application of federal law." *Id*.

The United States Supreme Court has held that "state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States." *Burt v. Titlow*, 134 S. Ct. 10, 15 (2013). This includes interpretation of both statutory laws and constitutional claims. *Id.* Recognizing the states' ability to sufficiently interpret federal law, the AEDPA "erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Id.* To meet this high burden, prisoners must show "that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement." *Id.*

### III. Analysis

As mentioned above, the petition is based on three grounds: (1) petitioner's trial counsel was ineffective for failing to call an expert witness of issues of intoxication, (2) petitioner's trial counsel was ineffective for not filing a motion to suppress, and (3) petitioner's appellate counsel was ineffective for not raising speedy trial issues in the direct appeal.

*a. Ineffective Assistance of Trial Counsel*

In order to show that his trial counsel was ineffective, petitioner must show (1) that his counsel's performance fell below an objective standard of reasonableness, or that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) that the deficient performance prejudiced the case, or, that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Judicial scrutiny of counsel's performance must be highly deferential," and every effort must be made to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of

counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. A court must apply a "strong presumption that counsel's conduct falls within the wide range of professional assistance," and that his performance is "considered sound trial strategy." *Id*. at 689–90.

In the context of this § 2254 action, this court must determine whether the state courts rulings regarding the effectiveness of petitioner's trial counsel were reasonable applications of the law. When evaluating the reasonableness of these decisions, the court must consider the rule's specificity. *Frost v. Pryor*, 749 F.3d 1212, 1223 (10th Cir. 2014). "'The more general rule'—like the one adopted in *Strickland—*'the more leeway [state] courts have in reaching outcomes in case-by-case determinations.'" *Id.* This court, therefore, must give broad deference to the state courts' rulings.

*Failure to Call Expert Witness*

Petitioner claims his trial counsel was ineffective for failing to utilize an expert witness to testify about the effects of alcohol and drugs. Petitioner raised this issue in his § 1507 petition. Petitioner's trial counsel relied on voluntary intoxication as an affirmative defense and the trial court gave a voluntary intoxication jury instruction. In denying petitioner's request for § 1507 relief, the district court found that petitioner's trial counsel's decisions regarding the expert witness were reasonable and competent decisions regarding trial strategy. The court mentioned that the effects of intoxication are within the common knowledge and experience of jurors, and that expert testimony on this issue would not have significantly impacted the case.

In affirming the district court, the Kansas Court of Appeals also found the decision was reasonable trial strategy and that even though petitioner's expert witness testified that she would have hired an intoxication expert, disagreement on strategy does not necessarily constitute ineffective assistance of counsel.

This court has reviewed the state records and the decisions of both the district court and the Kansas Court of Appeals and finds that both courts reasonably applied the deferential standard set forth in *Strickland*. Petitioner's trial counsel elected to not utilize an expert witness on the issue of intoxication, but asserted voluntary intoxication as an affirmative defense. It was within his discretion to determine whether or not to use an expert on the issue as part of his trial strategy. And even if it was not wise trial strategy, there is no evidence that an expert would have changed the outcome of the trial. Intoxication is a generally understood concept, and there has been no showing that any additional specialized knowledge would have assisted the jury. The state courts reasonably applied the *Strickland* rule in finding petitioner's trial counsel was not ineffective for failing to call an expert witness on the issue of intoxication. Petitioner is denied relief on this ground.

*Failure to File Motion to Suppress*

Petitioner also argues that his trial counsel was ineffective for failing to file a motion to suppress. This issue was also raised in his § 1507 motion. In the current petition, petitioner claims trial counsel was ineffective for failing to file a motion to suppress "statements made to investigators while intoxicated and unknowingly waiving Miranda warnings which could have been beneficial as well as an advantage to defense strategy." (Doc. 1, at 7.)

In denying § 1507 relief on the issue, the district court found that petitioner's trial counsel's decision to not file a suppression motion was consistent with his trial strategy, and was a reasonable and competent decision that did not deprive petitioner of a fair trial. In affirming the district court's decision, the Kansas Court of Appeals observed that petitioner had never specified what evidence his attorney should have moved to suppress or what grounds he could have advanced to argue the evidence was suppressible. More importantly, however, petitioner failed to show any prejudice as he did not explain

how a motion to suppress would have affected the outcome of the trial, or even that a motion to suppress would have been successful.

Again, this court has reviewed the state records and finds no error with the state courts' application of *Strickland* in regard to the motion to suppress. Petitioner states in his § 2254 petition that suppression of his statements made while intoxicated could have been beneficial and an advantage to defense strategy. But, as the district court found, many of the statements petitioner apparently believes should have been suppressed were actually used to petitioner's advantage at trial. Petitioner's trial counsel cross-examined the arresting officers who testified that petitioner was intoxicated and it was difficult to get a meaningful interview with him. These statements were advantageous for petitioner's voluntary intoxication defense. His attorney's decision to not seek suppression of the statements appears to be reasonable trial strategy. Reasonable trial strategy is not ineffective assistance of counsel. For these reasons, the court finds the state courts reasonably applied *Strickland* in finding petitioner's trial counsel was not ineffective for failing to file a motion to suppress. He is denied relief on this ground as well.

### b. *Ineffective Assistance of Appellate Counsel*

The same standard for evaluating the effectiveness of trial counsel set forth in *Strickland* also applies in claims for ineffective appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). Petitioner must show that counsel was objectively unreasonable and that but for his counsel's conduct, he would have prevailed on his appeal. *Id.*

Petitioner claims in his § 2254 petition that his appellate counsel was ineffective for failure to raise speedy trial issues on direct appeal. He maintains that he did not understand the implications of waiver of speedy trial, and his trial counsel unreasonably waived his speedy trial rights.

Petitioner's appellate counsel raised multiple issues on appeal including the failure of the trial court to give certain lesser included offense instructions, the trial court's failure to give a self-defense instruction, and the enhancement of petitioner's sentence without proof of aggravated facts. Petitioner's direct appeal was ultimately unsuccessful. In his § 1507 motion, petitioner claimed that his appellate counsel was ineffective for not raising the speedy trial issue. The district court concluded that based on the review of the record, petitioner's appellate counsel did not fall below an objective standard of reasonableness and that his performance did not prejudice petitioner. The court noted that it did not believe petitioner would have been successful on the speedy trial issue, even if it had been raised on direct appeal. In affirming the district court's decision, the Kansas Court of Appeals found the evidence in the record was sufficient to support the district court's finding that there was not a reasonable probability that the speedy trial issue would have been successful on appeal.

This court has reviewed the district court's order and factual findings and finds no reason to depart from those conclusions. The district court found that petitioner's appellate counsel was competent in selecting issues for direct appeal and in the brief he submitted to the Kansas Court of Appeals. And the district court determined that petitioner's trial counsel had clear reasons for agreeing to a waiver of speedy trial rights, and that his trial counsel had agreed to a waiver, on the record with an interpreter present, and petitioner did not object or state any disagreement. According to the district court, because of these facts, the issue was unlikely to be successful on appeal. This court finds this is not an unreasonable application of *Strickland* that would necessitate relief. This court agrees with the Kansas Court of Appeals that it was likely unclear from the record and transcripts that the speedy trial issue was even evident as petitioner's appellate counsel prepared for the direct appeal. Petitioner did not allege that he did not understand his speedy trial rights until after his § 1507 petition was filed. For these

reasons, this court finds the state courts did not unreasonably apply the law.  The petition is therefore denied.

A certificate of appealability is not warranted in this case because reasonable jurists could not debate whether "the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation omitted).

**IT IS THEREFORE ORDERED** that petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is denied.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied.

Dated January 17, 2019, at Kansas City, Kansas.

>s/ Carlos Murguia
>**CARLOS MURGUIA**
>**United States District Judge**